JOHN A. SMITH v. J. T. GOOCH, Adm'r.

*Married . Women, contracts of—Proceeding against.*

Tho separate estate of a married woman could under the former practice
be subjected to the payment of her debt (contracted in 1860) only by
bill in equity—a proceeding *in rem*, not *in personam.* Her contract is
void and will not support an action at law against her.

(*Huntley* v. *Whitner*, 77 N. C., N. C., 392, cited and approved.)

CIVIL ACTION tried at January Special Term, 1882, of
NORTHAMPTON Superior Court, before *Graves, J.*

On the 12th day of October, 1860, the defendant's testa-
trix, Virginia A. Johnson, who at the time was a feme cov-
ert, being the wife of James A. Johnson, purchased a female
servant from one Samuel Douglas for the sum of seventeen
hundred dollars and gave her note under seal for the same
with the plaintiff John A. Smith and O. A. Smith as her
sureties.

In the year 1867 an action was brought on this note by
Douglas against the plaintiff, and a compromise effected by
the plaintiff's paying Douglas six hundred and forty-four
dollars and eighty-one cents. At the time of this payment,
and ever since, the said O. A. Smith has been insolvent.

Virginia A. Johnson died in the year, 1871, leaving a will,
which was admitted to probate and the defendant was ap-
pointed and qualified as her administrator *de bonis non* with
with the will annexed, in the year 1878.

Prior to the marriage between the said Virginia (then
Bynum) and James A. Johnson in the year 1859, a marriage
settlement by deed was made between them, in which all of
her real and personal estate was conveyed to John J. Long
in trust for her sole and separate use during her life, and
to pay the proceeds thereof to her or her order. And it was
stipulated therein that, "if the said Virginia shall die, leav-

ing issue of the said marriage, then the same is to be held by the trustee for the benefit of the said issue; and if the said Virginia shall die without leaving issue of the said marriage, then the trustee is to hold the same for such purposes as she may declare by deed executed in her life time, or by her last will and testament, or other writing in nature of a will. The said trustee is not required by this instrument to take possession of any of the property herein conveyed, unless specially required to do so by the said Virginia, and unless required by her to take possession of the trust estate and effects, he is to allow her to continue in possession and to receive all the proceeds thereof according to the true intent and meaning of this instrument. It is, however, understood and agreed between the parties, that if the said Virginia shall desire to have any of the property herein conveyed sold, it shall be the duty of the trustee to sell the same in such mode and manner as she may direct, and to invest the proceeds of the sale for the benefit of the parties concerned, according to their rights and interests in the property sold, prior to the sale thereof."

The following issues raised by the pleadings were submitted to the jury:

1. Did Virginia A. Johnson execute the bond mentioned in the complaint? and by consent the jury responded to this issue as follows—"Mrs. Virginia A. Johnson being a married woman signed, sealed and delivered the bond declared on."

2. If so, did John A. Smith execute the bond as surety? The jury responded by consent—"He did."

3. If so, did John A. Smith pay any part of said bond, if so, how much and when? The jury responded by consent—"He did, in June or July pay $640.81."

4. Was the consideration of said note the purchase by the said Virginia A. Johnson of a female house servant? The jury responded by consent—"Yes."

5. Did John J. Long, trustee, assent to the purchase of said servant?

On this last issue the plaintiff introduced the marriage settlement, and the plaintiff was then introduced as a witness in his own behalf and offered to prove that the trustee gave his assent to the purchase of said slave by Virginia A. Johnson. The witness was objected to by the defendant as being incompetent under section 343 of the Code and the testimony as irrelevant. The court sustained the objection and the plaintiff excepted.

The plaintiff also proposed to prove the insolvency of James A. Johnson, which was objected to by the defendant as immaterial and irrelevant; the objection was sustained and the plaintiff excepted, and thereupon the jury responded to this issue—"No."

It was admitted on the trial that John J. Long was dead. Upon the finding of the issues by the jury the court rendered judgment in behalf of the defendant, from which the plaintiff appealed.

*Messrs. T. W. Mason, T. N. Hill* and *W. C. Bowen*, for plaintiff.

*Messrs. R. B. Peebles* and *Day & Zollicoffer*, for defendant.

ASHE, J. The exceptions taken by the plaintiff on the trial to the rulings of His Honor in rejecting the testimony offered by him, were properly overruled. Whether the plaintiff was a competent witness under section 343, it is needless to consider; for whether competent or not, the testimony he proposed to give touching the assent of J. J. Long to the purchase of the slave by the defendant's testatrix, was clearly irrelevant to the fifth issue, the issue itself was immaterial, and if the rejected testimony had been admitted and the issue found in the affirmative, it could in no manner have affected the case; and the exception to the

refusal to admit proof of the insolvency of Johnson is, for the same reason, untenable.

The action is in nature of assumpsit for money paid to the use of the defendant's testatrix, founded upon her implied promise to repay to the plaintiff the money he had expended for her use. The alleged consideration was, that the plaintiff as her surety on the bond given by her for the purchase of a female slave, had been compelled to pay the sum sued for in this action.

The action cannot be maintained. There is no consideration to support an implied promise on the part of the defendant's testatrix. She was a married woman at the time of giving the bond to Douglas, and there is no principle of law better settled than that the contract of a married woman is not only voidable, but absolutely void. The effect of the marriage for most purposes is to render husband and wife one person, in contemplation of law, and her legal existence is merged in that of her husband, and having no legal entity, she is on that ground incapable of binding herself by a contract, and consequently no action will lie against her for a breach of it.

*Huntley* v. *Whitner*, 77 N. C., 372, is directly in point. The action was upon a bond given by a feme covert as a tenant in common upon the partition of land for owelty of partition. The court say, "to put it in the strongest light for the plaintiff, it was a bond given for the acquisition of property to make equality of partition of land between her and her sisters. She is not bound upon the bond."

But the plaintiff says, although the testatrix was a married woman at the time she executed the bond to Douglas, she had a separate estate, and the bond was a charge upon that property—was so intended to be at the time of its execution—and he has the right to subject the property to the satisfaction of his debt, which stands upon the same footing with the bond. Admitting that to be so, the separate estate

of the defendant's testatrix cannot be subjected to the payment of her debts in this form of action. The separate estate of a married woman could under the former practice only be reached by a bill in equity. It was a proceeding *in rem* and not *in personam*. There is no error, the judgment must be affirmed.

No error.                                                      Affirmed.